## TOWN OF BARRE *vs.* GEORGE JERRY.

January Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

A town recovering a forfeiture under R. L. 3132 (V. S. 3513) for wanton injury to a highway is entitled to full costs, although the penalty be less than five dollars.

R. L. 1444 (V. S. 1686) and R. L. 1445 (V. S. 1687) considered.

ACTION FOR PENALTY under R. L. 3132 (V. S. 3513). Plea, not guilty. Trial by jury at the March Term, 1895, Washington County, *Start*, J., presiding. Verdict, one dollar. Judgment thereon with full costs. The defendant excepted.

The action was commenced before a justice of the peace and came to the County Court on appeal by the plaintiff.

*John G. Wing* for the defendant.

The plaintiff, having recovered only nominal damages can recover only five dollars of costs. R. L. 1444 and 1445 (V. S. 1686 and 1687) *Engrem* v. *Myers*, 54 Vt. 628.

It is only by force of the statute that costs are ever allowed. *Tyler* v. *Frost*, 48 Vt. 486; *Munger* v. *Verder*, 59 Vt. 386.

*John W. Gordon* and *George W. Wing* for the plaintiff.

This proceeding is of the nature of a criminal prosecution. The offense is against the public. The limitation upon costs applies only to civil actions.

MUNSON, J. This is an action founded on R. L. 3132, (V. S. 3513); which provides that one who wantonly or illegally injures a highway, in any of the ways therein specified, shall forfeit to the town, to be expended in repairing highways, not more than thirty dollars, to be recovered by the selectmen, in an action in the name of the town, with costs. The plaintiff obtained a verdict for one dollar, and the court allowed full costs. To this allowance the defendant excepted.

R. L. 1444 (V. S. 1686) restricts costs in actions tried before a justice to five dollars, when the amount recovered does not exceed that sum; and R. L. 1445, (V. S. 1687) provides that when the plaintiff appeals the county court shall be governed by the same rule. The plaintiff would have recovered the restricted costs allowed by this general provision, if nothing had been said about costs in R. L. 3132 (V. S. 3515); so no effect will be given to the words "with costs" contained in that section, unless they are held to carry full costs. The general provision was enacted as early as 1822, and the section last cited, the substance of which had been before enacted and repealed, dates from the revision of 1839. There is nothing to indicate that the allowance of costs by this section was intended as a mere repetition, and the rule which requires that some force be given to a further legislative expression must be applied.

*Judgment affirmed.*